---

(42 App. Div. 330.)

## WADE v. MILLER et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. MORTGAGE FORECLOSURE—ANSWER—NECESSITY OF REPLY.

Where the complaint in foreclosure refers to two other mortgages on the same property held by the defendants, and alleges an equality in the lien of the three mortgages, an answer by one of the defendants, denying the equality and alleging priority in lien to the other two mortgages, and demanding judgment that such priority be decreed, and for a foreclosure and sale, is a counterclaim, and, on plaintiff's failure to reply, the defendant is entitled to judgment.

2. SAME—JUDGMENT—FINALITY.

An objection cannot be made to a judgment in foreclosure that it is not a final judgment, where it determines an issue as to priority between the plaintiff and a defendant lienor, although the issues between the plaintiff and another defendant lienor are undetermined, and the judgment directs that "no sale be had until all the issues between all the parties hereto are found and determined by the court."

Appeal from trial term, Rensselaer county.

Action by Mary J. Wade, as executrix, against Jane E. Miller and others to foreclose a mortgage. Judgment for defendant Miller, and plaintiff appeals. Affirmed.

The plaintiff's complaint is for the foreclosure of one of three mortgages upon certain premises alleged to have been executed by the defendants Martin Strever and Dorcas A. Strever on April 30, 1870. The complaint contains the necessary allegations for the foreclosure of the plaintiff's mortgage, and then alleges "that simultaneously with the execution of said mortgage were executed two other mortgages, with the understanding that neither of the mortgages so executed at that time should have precedence over the others or either of them." The complaint further alleges that one of said other mortgages is held by the defendant Miller, and the other by the defendants Smith, and prays judgment that the defendants be foreclosed, etc., the premises sold, and the proceeds be brought into court, and the plaintiff be paid therefrom, or for other or further relief. The defendants Smith answered, setting forth their mortgage, and alleging that it is an equal lien with the plaintiff's mortgage, and prayed foreclosure and concurrent relief. The defendant Miller, "for an answer and counterclaim," set forth her mortgage, and made allegations appropriate to a complaint for the foreclosure thereof, and then alleged that it was prior in lien to the other two mortgages, and that the respective mort-

gagors and mortgagees so agreed at the time the three mortgages were executed and delivered, and denied the allegation of the complaint that the original understanding was that "neither of the mortgages should have precedence over the others or either of them," and also denied knowledge or information sufficient to form a belief as to whether the other mortgages were given upon consideration, or whether anything was due upon them, and demanded judgment that the priority of the lien of her mortgage be decreed, and a foreclosure and sale accordingly. The defendant Miller also served his answer upon the defendants Smith. The learned trial court held that this answer was a counterclaim, and rendered judgment of foreclosure thereon in favor of the defendant Miller, and against the plaintiff, because the latter had served no reply thereto. but directing that no sale be had "until all the issues between all the parties hereto are found and determined by the court."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Henry D. Merchant, for appellant.
William J. Roche, for respondent Miller.
G. B. Wellington, for defendants Smith.

LANDON, J. In Metropolitan Trust Co. of New York v. Tonawanda Val. & C. R. Co., 43 Hun, 521, the question was whether, when the junior mortgagee brought his action of foreclosure making the senior mortgagee a party, and praying judgment that the mortgaged premises be sold subject to the lien of the senior mortgage, or that the same be paid from the proceeds of the sale, and the senior mortgagee answered setting up all the facts necessary to foreclose his mortgage, and prayed judgment for foreclosure and sale in the usual form, it was competent for the court to render the judgment prayed for by the senior mortgagee. The court held that such judgment could be rendered, and based its opinion upon its conclusion that the answer of the senior mortgagee was a counterclaim. This judgment was affirmed in 106 N. Y. 673, 13 N. E. 937, on the opinion of the general term. In the case as reported it does not appear whether any reply was served. Probably there was none, because the complaint alleged the priority of the defendant's lien. Here the complaint alleges the equality in lien of three mortgages. The defendant Miller denies that equality, and had to allege priority in order to state a counterclaim. The allegation of priority is the essential part of the counterclaim within the case cited. Following the authority cited, we affirm the judgment. Objection is made to the judgment by the appellant in that it is not final, and cannot be made so until the rights of the defendants Smith are adjudged. By her appeal the plaintiff recognizes its finality. The defendants Smith are not prejudiced by it, as the issue between them and Miller is reserved. The judgment is not final as to all the issues and all the parties, but is final as to one issue between two of the parties. Practically the case stands as if Miller were plaintiff and the plaintiff, Wade, and the others defendants, and as if Wade had raised a separate issue against the plaintiff, which the court has separately tried and determined. When all the issues have been tried, final judgment can be rendered between all the parties. Code Civ. Proc. §§ 1204, 1221.

Judgment affirmed, with costs in favor of the respondent Miller against the plaintiff. All concur.